UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD JERNIGAN, JR.,
TIMOTHY ROBERT SMITH, and
CHARLES BERNARD PERRYMAN,

    Plaintiffs,

v.

CITY OF ROYAL OAK, ROYAL OAK
POLICE DEPARTMENT, J. BALLINGER,
R. MILLARD, M. MURRAY, J. STEHLIN,
K. SPENCER, S. TEICHOW, R. SPELLMAN,
WOODY'S BAR AND GRILL, JOHN PAYNE,
TITO WALLEE, JAMES GIBBONS, and
JOSEPH M. LUY,

    Defendants.
_____/

Case No. 02-CV-74597-DT

HONORABLE DENISE PAGE HOOD

## ORDER RE: ROYAL OAK DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT

On March 30, 2005, the Court entered a Memorandum Opinion and Order granting in part and denying in part the Royal Oak Defendants' Motion for Summary Judgment. The only remaining Defendants are the Police Officers: J. Ballinger, R. Millard, M. Murray, J. Stehlin, K. Spencer, S. Teichow, and R. Spellman. The City of Royal Oak, the Royal Oak Police Department, Woody's Bar and Grill, John Payne, Tito Wallee, James Gibbons, Joseph M. Luy (Ivy) have been dismissed. A Status Conference was held on April 25, 2005 and a new Scheduling Order was entered. On July 7, 2005, the Court held a Telephone Conference with the parties allowing the Royal Oak Defendants to file another summary judgment motion. The hearing date was scheduled for August 8, 2005.

At the time the Royal Oak Defendants filed their initial summary judgment motion, the

parties' depositions had not been taken, as the Court noted in its opinion. The Royal Oak Defendants argued qualified immunity in their initial motion, claiming the Officers were merely engaging in an investigative stop. In its Opinion, the Court found that there was a genuine issue of material fact as to whether the officers had the opportunity to test the claim by the complaining victim, Bobby Joe Phillips, and, whether the Officers had "reasonable suspicion" to stop, handcuff and detain Plaintiffs. (*See, March 30, 2005, Opinion and Order, p. 11*) The Court further found that there were questions of fact as to whether the Officers "seized" Plaintiffs beyond a *Terry* investigative stop, in violation of the Fourth Amendment. (*March 30, 2005, Opinion and Order, p. 12*)

The Royal Oak Defendants submitted two "new" pieces of evidence in their motion not presented before the Court in their initial motion--Joseph Michael Ivy and Plaintiff Charles Perryman's depositions. These two depositions do not create a genuine issue of material fact on the issues of "reasonable suspicion" to detain and investigate and "seizure," beyond a *Terry* stop, in violation of the Fourth Amendment.

The Royal Oak Defendants argue that Mr. Ivy's deposition shows that the Officers received their information after a 911 call by Mr. Ivy that a customer had been attacked inside the bar. (Ivy Dep., p. 11) They claim that based on this call, an "emergency" situation existed at the bar. The Officers also claim they were not given any information as to the identity of the alleged victim (Mr. Phillips) upon the Officers' arrival at the bar, therefore, they had no opportunity to initially question Mr. Phillips before investigating Plaintiffs.

Although Mr. Ivy's deposition had not been taken at the time the Royal Oak Defendants filed their initial summary judgment motion, the Court previously had before it Mr. Ivy's statement to the

Officers, which the Court cited in its Opinion. The Royal Oak Defendants made a similar argument in their initial motion that the information the Officers received was from the employees of Woody's Bar and Grill and that they merely acted on the information.

Mr. Ivy is the Manager of Woody's Bar and Grill. The deposition does not substantively change or add to the statement he made to the police. Mr. Ivy noted in his deposition, "Actually my statement is pretty clearly how I remembered it." (Ivy Dep., p. 6) As to the argument that there existed an "emergency," the Royal Oak Defendants point to no testimony by Mr. Ivy indicating there was such an "emergency." Mr. Ivy testified that he thought Mr. Phillips' identification of the Plaintiffs was "kind of weak" and that he was not going to call the police unless Mr. Phillips was sure. (Ivy Dep., pp. 10-11) Mr. Ivy testified that Plaintiffs were not causing any trouble, that they blended in with the crowds, and that they did not seem nervous. (Ivy Dep., pp. 7, 14-15) There is no testimony that the bar was in a disorderly state. Contrary to the Royal Oak Defendants' argument that they had no knowledge of the alleged victim before they questioned Plaintiffs, Mr. Ivy testified that after the Officers arrived, they asked what happened, he responded with, "apparently Bobby got attacked" and that "I take him for his word." (Ivy Dep., p. 13) The Officers then told Mr. Ivy their plan and requested that Mr. Ivy take the Officers to where the Plaintiffs were. (Ivy Dep., p. 13)

Even though Mr. Ivy testified Plaintiffs were not causing any trouble and that he identified Mr. Phillips to the Officers, the Officers chose to start their investigation by questioning the Plaintiffs first. The Royal Oak Defendants' argument that there existed an "emergency" situation at the bar is not borne by Mr. Ivy's deposition testimony.

Regarding the second new piece of evidence, Plaintiff Perryman's deposition actually supports the Court's finding of a genuine issue of material fact regarding the issue of "seizure."

Perryman testified that he was placed in handcuffs in front of a crowded bar with no explanation of what was going on. (Perryman Dep., p. 49)

The Royal Oak Defendants' Second Motion for Summary Judgment is considered an untimely Motion for Reconsideration under E.D. Mich. LR 7.1, because it was filed beyond the ten-day requirement and raises no new issues of law nor fact.

Accordingly,

IT IS ORDERED that the Royal Oak Defendants' Second Motion for Summary Judgment, considered as an untimely Motion for Reconsideration under E.D. Mich. LR 7.1 **(Docket No. 61, filed July 11, 2005)** is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Strike the Renewed Motion for Summary Judgment **(Docket No. 63, filed August 2, 2005)** is MOOT.

IT IS FURTHER ORDERED that the Final Pretrial Conference is scheduled for **Monday, August 22, 2005, 4:00 p.m.** All Plaintiffs and all other parties with authority to settle must appear at the Conference. The proposed Joint Final Pretrial Order must be submitted to Chambers by August 22, 2005, 12 noon.

    /s/ DENISE PAGE HOOD  
DENISE PAGE HOOD  
United States District Judge

DATED: August 15, 2005

4